UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 09-CV-217-KKC

ATHEEN STIGALL                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

LEXINGTON FAYETTE URBAN COUNTY
GOVERNMENT, ET AL.                                              DEFENDANTS

Plaintiff Atheen Stigall, who lists her address as 3340 Mount Foraker Drive, Lexington, Kentucky 40515, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 [Record No. 2]. The named defendants are: (1) the Lexington Fayette Urban County Government ("LFUCG"); (2) Charley Boland, a former employee of the LFUCG,; and (3-4) Charles Burchell and Peggy Burchell, owners of the real property adjoining Stigall's.

Plaintiff Stigall has paid the $350.00 filing fee [Record No. 5]. Accordingly, this matter is before the Court for consideration under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).[1] For the reason set forth below, the Court will dismiss this action with prejudice.

CLAIMS ASSERTED

Stigall alleges that the LFUCG refused to assist her in a contentious boundary line dispute between her and the Burchells, the adjoining property owners. She alleges that the favoritism

---

[1] *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Under these circumstances, amendment to cure such defects would not be permitted after dismissal.

which the LFUCG demonstrated toward the Burchells in the dispute amounted to discrimination against her on the basis of her race. That claim would fall under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

Stigall demands a jury trial and $250,000.00 in damages from the LFUCG. Stigall has named the Burchells as defendants, but the exact relief which she seeks from them is not clear.

<u>ALLEGATIONS OF THE COMPLAINT</u>

Stigall has filed a five-page handwritten complaint, which is confusing and difficult to follow in many passages. It appears from the Complaint that in November of 2007, Stigall's neighbors, the Burchells, either attempted to, or did, construct a building on Stigall's property five feet over the adjoining property line. While it is not entirely clear from the Complaint, it appears that the"LFUCG possessed a walking easement, or "right of way," in the property line running between Stigall and the Burchells.

Stigall alleges that she vehemently protested the Burchell's alleged trespass and construction of the building on her property. She states that she lodged numerous complaints with the LFUCG. Stigall states that Charley Boland, an aide to the mayor at that time, instructed Stigall to have her property surveyed, presumably to determine the legal boundaries with the Burchells.  According to Stigall, the LFUCG refused to assist her in the dispute with the Burchells, and instead proceeded to racially discriminate against her.[2]

---

[2] Although Stigall initially claimed that the LFUCG did nothing in the dispute, she later made the following allegation in her Complaint: "After all this this [sic] city deed the property to me and the Burchells which amounted to 5 feet 2 ½ for me and 2 ½ for the Burchell but Boland decided later he did not want me to have my 2 ½ feet at this time he sent a survayer {sic} out and marked off my 2 ½ feet and gave it to the Burchell. I have copies of the deed and I was at home when this last survey was done." [Record No. 2, p.3].

On page two of her Complaint, Stigall describes the time line of events as follows:

I filed a complaint in November 2008 with the United States Department of Justice in Washington D.C. against the Lex-Fay Urban Co. Gov of which I sent by certified mail in **November of 2007** and in **December of 2007** I called and Charley Boland was not working there [LFUCG] anymore. I was told that he left **Dec. 8, 2007** but the lady gave me no reason.

[Record No. 2, p.2, (Emphasis Added)].

Stigall disagreed with the manner in which the survey was conducted. She accused the surveyor of participating with the Burchells and the LFUCG in a "fraud and a deception of my civil rights."[*Id*., p.3]. She filed this civil action on June 18, 2009.

## DISCUSSION

Stigall's claims are barred by the statute of limitations. Since Section 1983 does not provide its own statute of limitations, federal courts "borrow" the most analogous statute of limitations in the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). As the complained-of events occurred in Kentucky, Kentucky law supplies the applicable statute. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989).

A cause of action "accrues" and the statute of limitations thereon begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury that provides the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Dixon*

*v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights); *Bagley v. C.M.C. Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir.1991); *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir.1986).

Stigall stated that she filed a complaint with the United States Department of Justice in November of 2008 [Record No. 2, p.2]. In that same sentence, however, she stated that in November of **2007** she sent a certified letter to the LFUCG complaining about the situtation [*Id*.]. She stated in the next sentence that when she called the LFUCG in December of 2007, she was told that Charley Boland no longer worked for the LFUCG [*Id*.].

Clearly, by November of 2007, or no later than December of 2007, Stigall was on notice of the various claims which comprise this lawsuit. Stigall would have therefore been required to file a civil right complaint asserting her claims within one year of December 31, 2007, which would have been **December 31, 2008.**

Because Stigall did not file her complaint until June 18, 2009, her claims are barred by the statute of limitations, and will be dismissed, *sua sponte*. *Stimac v. Bostick*, 7 F.3d 235, 1993 WL 384999 (6th Cir. 1993) (unpublished disposition) (where claims in complaint are self-evidently barred by statute of limitations, complaint properly dismissed); *Martin v. Wigginton*, 999 F.2d 540 (6th Cir. 1993) (same); *Mercer v. Lexington Fayette Urban County Government*, 52 F.3d 325, 1995 WL 222178 (6th Cir. 1995) (unpublished disposition).

The obvious statute of limitations bar renders Stigall's Compaint patently insubstantial and therefore, subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1). *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000); *Hagans v. Lavine*, 415 U.S. 528, 537

Page 4

(1974); *Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995) (court should dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, or obviously frivolous" for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)).

<u>CONCLUSION</u>

Accordingly, the Court being duly advised, it is **ORDERED** as follows:

(1)     Plaintiff Atheen Stigall's claims against the named defendants are **DISMISSED WITH PREJUDICE**.

(2)     This action [5:09-CV-217-KKC] is **DISMISSED** without prejudice.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

Dated this 10th day of August, 2009.



**Signed By:**

**<u>Karen K. Caldwell</u>**

**United States District Judge**